## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN ) <br> IMMIGRATION REFORM, ) <br> 25 Massachusetts Ave, NW Suite 330 ) <br> Washington, DC 20001 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE ) <br> 2201 C Street, NW ) <br> Washington, DC 20520 ) <br> Defendant. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against Defendant U.S. Department of State ("State") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25 Massachusetts Ave, NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the

citizenry and increase public awareness of immigration issues and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant State is an agency of the U.S. Government and is headquartered at 2201 C Street, NW, Washington, DC. State has possession, custody, and control of certain public records to which Plaintiff seeks access through FOIA.

## STATEMENT OF FACTS

5. On August 26, 2015, Plaintiff submitted a FOIA request (the "August 26, 2015 FOIA request") to State, by email, seeking access to the following public records:

1. Any and all records showing the projected number of applicants for the In-Country Refugee/Parole Program for Central American Minors (CAM) program (either as refugees or as parolees).

2. Any and all records showing the number of applicants, successful or otherwise, who have previously been charged with a felony.

3. Any and all records of the number of parents that have petitioned, successfully or otherwise, for the other parent of the minor child.

4. Any and all records detailing the nature of each successful applicant's "credible fear" claims.

5. Any and all records relating to any legal advice/opinions/memoranda in relation to the creation of the program.

6. Any of all records detailing the number of applicants sponsored by beneficiaries of the Deferred Action for Childhood Arrivals (DACA) program or any other deferred action program.

The time period of my request is from 01/01/2013 to present.

6. Plaintiff received an acknowledgment letter from Defendant dated September 23, 2015, assigning Plaintiff's August 26, 2015 FOIA request the Case Control number F-2015-13575.

7. On August 31, 2015, Plaintiff submitted a FOIA request (the "August 31, 2015 FOIA Request") to State, by email, seeking access to the following public records:

1. Any and all records detailing the projected costs, at the federal, state and local levels, of the In-Country Refugee/Parole Program for Central American Minors (CAM) program involving the following: resettlement and placement services, including airport reception; housing and basic household needs; food or food allowance; assistance in enrolling in benefits and services; assistance in accessing health-screening and medical services; and assistance in enrolling children in school, orientation, and home visits ("resettlement services").

2. Any and all records detailing all costs of "resettlement assistance" for the program incurred since its November 2014 inception.

3. Any and all records detailing the number and names of designated resettlement agencies within the U.S. recruited to assist with the program.

4. Any and all records detailing the locales of the parents of successful applicants for the program thus far.

5. Any and all records detailing the final determination or result of those DACA applications denied due to gang-related activities. For FY2012, FY2013 and FY2014 those numbers were 28, 131, and 123. To confirm, individual names are not part of this request item.

8. Plaintiff received an acknowledgment letter from Defendant dated September 24, 2015, assigning Plaintiff's August 31, 2015 FOIA request the Case Control number F-2015-13951.

9. On November 30, 2015, Plaintiff submitted a FOIA request to State (the "November 30, 2015 FOIA request"), by email, seeking access to the following public records:

1. Any and all records of Office of Refugee Admissions Director Lawrence Bartlett and calendars and/or schedules, from FY2012 to the present, showing meetings with the following organizations, including their representatives: Refugee Council USA, Church World Service, Catholic Charities, U.S. Conference of

        Catholic Bishops, Welcoming America, Hebrew Immigrant Aid Society, International Rescue Committee, World Relief, Inc., Lutheran Immigration and Refugee Service. Inc., US Committee for Refugees and Immigrants, Episcopal Migration Ministries, Ethiopian Community Development Council, Baptist Child and Family Services, Southwest Key Programs, Inc.

2. Any and all records of communications, including but not limited to emails, from FY2012 to the present, regarding the arrangement of meetings with the groups, including their representatives, mentioned in item 1.

3. Any and all records of notes or memoranda taken by Mr. Bartlett and/or other State Department staff with regards to the meetings mentioned in item 1.

10. Plaintiff received an acknowledgment letter from Defendant dated December 22, 2015, assigning Plaintiff's November 30, 2015 FOIA request the Case Control number F-2015-16746.

11. On December 3, 2015, Plaintiff submitted a FOIA request (the "December 3, 2015 FOIA request"), to State, by email, seeking access to the following records:

1. Any and all records of communications, including but not limited to emails, from 2012 to the date of this request regarding any proposed changes involving the Visa Bulletin between Bureau of Consular Affairs staff and employees, representatives and/or agents of the following companies/associations: Microsoft, Intel, Oracle, Hewlett-Packard, FWD.us, Consumer Electronics Association, Business Roundtable, Chamber of Commerce, Compete America, Infosys, Tata Consultancy Services, Council for Global Immigration, American Immigration Lawyers Association, Cognizant, Accenture, Immigration Voice, American Immigration Council.
2. Any and all records of Assistant Secretary Michele Thoren Bond's calendars and/or schedules listing or mentioning meetings with the above companies/associations including their representatives.
3. Any and all records of communications, including but not limited to emails, regarding the arrangement of meetings between Bureau staff with the above companies/associations including their representatives.
4. Any and all records of notes taken at the aforementioned meetings and memos created reflecting those notes by Bureau staff.

12. Plaintiff received an acknowledgement letter from Defendant dated December 26, 2015, assigning Plaintiff's December 3, 2015 FOIA request the Case Control Number F-2015-16884.

13. On December 10, 2015, Plaintiff submitted a FOIA request (the "December 10, 2015 FOIA request"), by email to State, seeking access to the following public records:

1. Any and all original records showing which states and counties received refugees and/or parolees under the In-Country Refugee/Parole Processing for Central American (CAM) program.

2. Any and all original records showing the states, cities and other locales within the country due to receive refugees and/or parolees for permanent resettlement.

3. Any and all original records showing the average age of Unaccompanied Children paroled or given refugee status under the CAM program, from the program's inception to the present.

4. Any and all original records instructing State Department employees and/or CAM and/or refugee resettlement contractors regarding the handling of public enquiries relating to the aforementioned programs.

5. Any and all original records between State Department employees and/or CAM and/or refugee resettlement contractors regarding the latter's "abstracts" used to describe the number of parolees/refugees planned for a given city, where they will come from and the expected impact on social services, schools and the job market.

14. Plaintiff received an acknowledgement letter from Defendant dated December 26, 2015, assigning Plaintiff's December 10, 2015 FOIA request the Case Control Number F-2015-17048.

15. On February 8, 2016, Plaintiff submitted a FOIA request ("the February 8, 2016 FOIA request") to State, by email, seeking access to the following records:

1. Any and all records of audits conducted from FY2014 to the present by the State Department in relation to the following contractors: Refugee Council USA, Church World Service, Catholic Charities, U.S. Conference of Catholic Bishops, Welcoming America, Hebrew Immigrant Aid Society, International Rescue Committee, World Relief, Inc., Lutheran Immigration and Refugee Service. Inc., US Committee for Refugees and Immigrants.

16.     Plaintiff received an acknowledgement letter from Defendant dated March 11, 2016, assigning Plaintiff's February 8, 2016 FOIA request the Case Control Number F-2016-00975.

17.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), State was required to determine whether to comply with each of Plaintiff's FOIA requests within twenty (20) working days after receipt of each request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, State's determination of the August 26, 2015 FOIA request was due by October 22, 2015 at the latest; State's determination of the August 31, 2015 FOIA request was due by October 23, 2015 at the latest; State's determination of the November 30, 2015 FOIA request was due by January 22, 2016 at the latest; State's determination of the December 3, 2015 FOIA request was due by January 26, 2016 at the latest, State's determination of the December 10, 2015 FOIA request was due by January 26, 2016 at the latest; and State's determination of the February 8, 2016 FOIA request was due by April 8, 2016 at the latest.

18.     As of the date of this Complaint, State has failed to: (i) determine whether to comply with any of Plaintiff's FOIA requests; (ii) notify Plaintiff of any such determination or the reasons for such determination; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

19.     Because State has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to all of Plaintiff's FOIA requests, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to those requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

22. Plaintiff is being irreparably harmed by Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:     April 15, 2016                                        Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave. NW, Suite 335
Washington DC, 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org